IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD H. STEINBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| ENTRUST MIDWEST, LLC, and | ) | Jury Trial Demanded |
| THE ENTRUST GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Ronald H. Steinberg ("Steinberg" or "Plaintiff"), by and through his attorneys, James L. Kopecky P.C., submits this complaint against Defendants, Entrust Midwest, LLC, and The Entrust Group, Inc. In support of his Complaint, Plaintiff states:

## I.    INTRODUCTION

1.    Plaintiff, Ronald Steinberg, 66, fell for Defendants misleading advertisements and false representations resulting in losses of over $230,000. Seeking to secure his retirement, Steinberg opened a self-directed IRA account with Defendants and transferred to Defendants his retirement savings. Contrary to Defendants claims that Plaintiff would have total control over the investments made for his IRAs, Defendants transferred his funds without his approval, consent, or authorization to an apparent *Ponzi* scheme, causing him to lose $230,000. After doing so, Defendants continued to fraudulently represent to Steinberg that his funds were safely invested as he directed, and to cover their tracks. Incredibly, Defendants charged Steinberg fees for their purported "administration" of his account. In all, Defendants falsely touted their services, misrepresented their role as administrators, and breached their contract with Steinberg,

1

ultimately causing him to lose his savings. Defendants are, and should be held, liable for their actions.

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. 1332 as the parties are citizens of different states. Jurisdiction is also proper as the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. 1332(a).

3.     Venue is proper in this district pursuant to 28 U.S.C. 1391(a). The acts and practices of Defendants giving rise to the claims asserted herein occurred in this District.

## III.     PARTIES

4.     Plaintiff, Ronald H. Steinberg, ('Steinberg") is a 66 year-old person. He is a citizen of Illinois. He resides in Itasca, Du Page County, Illinois.

5.     Defendant, The Entrust Group, Inc. ("Entrust Group" or collectively with Entrust Midwest, "Entrust" or "Defendants") is a Nevada Corporation with its principal place of business in Reno, Nevada. It operates through a series of "dedicated local offices."

6.     Defendant, Entrust Midwest, LLC, ("Entrust Midwest" or collectively with Entrust Group "Entrust" or "Defendants") is a Minnesota limited liability company with its principal place of business in Plymouth, Minnesota. Entrust Midwest is advertised and represented as a "dedicated local office" of Entrust Group.

**IV.    FACTS**

    **A.    The Entrust Group's Self-Directed IRAs.**

7.    Defendants offer "self-directed IRAs." Defendants actively promote the service they provide as:

> ### Providing Security for Your Self-Directed IRA
>
> The Entrust Group and our local offices are regularly examined to ensure compliance with state and federal banking requirements. In addition, Entrust affiliate offices enjoy regular training through the *Entrust Operations Academy*, an extensive educational program dedicated to providing the most accurate and innovative training and educational curriculum on self directed IRAs in the industry.
>
> ### Our Mission
>
> Entrust is committed to the classic American goal of financial independence, especially during retirement. As secure retirement becomes increasingly challenging, some investors want to learn about and take advantage of a wider range of investment options to attain their goals. We are the leaders in self directed IRAs and real estate IRAs, custodial services and educational curriculum that help clients to build wealth with investments that know, understand and control.
>
> ### Local Offices and Personal Service
>
> Entrust is the only self directed IRA administrator that serves you right in your community. Entrust affiliate offices are staffed with experts in law, finance and business, all with first-hand experience in self-directed accounts.
>
> Entrusts local offices also provide educational seminars on self-directed IRAs to help clients and professionals understand the broad spectrum of investment options and the benefits of self-directed investing.

Group Exhibit A at 1 (excerpts from The Entrust Group's website, www.theentrustgroup.com, are attached as Group Exhibit A).

8. Further, Defendants' website repeatedly asserts that "with a self-directed individual retirement account or real estate IRA, you make all of the decisions regarding your investments." *Id.* at 3. The self-directed IRA custodian or administrator completes the documents required to establish your account and purchase your investment." *Id.*

9. Defendants' website offers the assurance, "You know you're in good hands, because we're the experts in self-directed IRAs and real estate IRAs." *Id*. at 5. "When you choose Entrust, you'll work with an Entrust self-directed individual retirement account or real estate IRA expert whose primary focus is to ensure your success." *Id.* at 7.

10. Defendants' philosophy, according to their website, is that they administer, and the client chooses the investment. Entrust Group's website further claims to "offer the same retirement plans as other plan administrators with **one exception – we show you how to purchase the investments that YOU CHOOSE** with your IRA funds." *Id.* at 9 (emphasis in the original).

11. Entrust Group promotes its local representatives, such as Defendant, Entrust Midwest, as those who help to ensure that the investment is purchased *quickly, safely, and accurately*. *Id.* at 5 (emphasis added). As the account administrator, Entrust Group claims that it does not tell clients what to invest in, but that it guides clients in their transaction purchases. *Id.* at 11.

 **B.**  **Plaintiff Steinberg Opened an account with Entrust Midwest, LLC Who Directed All of Plaintiff's Funds to Universal Brokerage Without His Consent or Authorization.**

12. On or around June 25, 2009, Steinberg entered into a brokerage service agreement or contract ("Agreement") with Defendant Entrust Midwest. (*See* Steinberg's Agreement, Exhibit B).

13. The Agreement included an "EZ Starter Kit" that described the services provided under the agreement. According to the "EZ Starter Kit", Defendants act as custodian or administrator of the account, but its clients have "complete control over selecting and directing" their IRA investments. *Id.* at 1, 3. Defendants charge a fee for the purported services as "administrator" and "custodian." The EZ Starter Kit states that "you control the types of investments that you participate in and we provide the administration – after all, it's your IRA!" *Id.* at 3.

14. At the suggestion of Pat Kiley, on or about June 25, 2009, Steinberg also opened a securities brokerage account with Basel Institutional. (*See* Steinberg's Basel Account Documents, Exhibit C). Steinberg believed that this was a necessary step to completing his self-directed investment.

15. Defendants offered an option to rollover or transfer an existing IRA or 401(k) account to a self-directed Entrust IRA account. (Exhibit B at 5). Using this option, and following Entrust Midwest's instructions, on June 25, 2009, Steinberg transferred 95% of his IRA at John Hancock/Manual Life Financial, $230,000, to Entrust Midwest. (*See* Steinberg's completed John Hancock Rollover forms, Exhibit D).

C. **Defendants Fail to Follow Steinberg's Direction**

16. Upon opening his account with Defendants, Plaintiff completed a "Buy Direction Letter" directing Defendants to buy shares of Crown Forex SA. (*See* Exhibit B at 14, 15).

17. The Buy Direction Letter contained no additional instructions for the purchase of Crown Forex SA. Steinberg was never required to fill out any additional paperwork associated with a Crown Forex investment.

18.    However, rather than follow Steinberg's instructions, contrary to their promises and the Agreement, and without informing Steinberg, on or about July 8, 2009, Defendants wired Steinberg's funds, after extracting their fee, to Oxford Global Advisors/Universal Brokerage FX.

19.    An outgoing wire receipt from Defendant Entrust Midwest shows that the balance of $229,750.00 of Steinberg's account with Defendant was wired to account number 2283181705 at Associated Bank. (*See* Outgoing Wire Receipt, Exhibit E).  Upon information and belief, this account at Associated Bank Green Bay belongs to Oxford Global Advisors/Universal Brokerage FX.  Ultimately, it appears that Defendants transferred Steinberg's funds to a *Ponzi* scheme.  His retirement savings is now lost.

20.    Defendant's made the unilateral wire transfer to Associated Bank without the knowledge, consent or authorization of Steinberg.

21.    Steinberg never, at any time, opened or maintained an account with Oxford Global Advisors or Universal Brokerage and Defendants had absolutely no legitimate reason to transfer Steinberg's funds to the account at Associated Bank.

**D.    Defendants Apparently Followed the Direction of Others**

22.    The account opening documents also include a page entitled "Interested Party Designation & Limited Power of Attorney."   (Exhibit B at 12).   On this form, Plaintiff designated "Pat Kiley/Julia Smith of 12644 Tiffany Court, Suite 100, Burnsville, MN" as individuals who ***could receive information*** about his account. *Id*. (emphasis added).

23.    Pat Kiley is the self-sponsored host of a paid radio program called "Follow the Money" and, upon information and belief, is affiliated with Universal Brokerage FX.  He encouraged his listeners to call for information on how to roll over their IRAs and other investment advice.  It was through him that Plaintiff first learned of the opportunity to invest in

Crown Forex, a company now in bankruptcy proceedings. (*See* Crown Forex letters to customers, Exhibit F)

24. Plaintiff intentionally left the "limited power of attorney" portion of the form blank. No other party was authorized to act as an agent on his account. He alone had the authority to conduct the transactions in his account. (Exhibit B at 12). Further, while Julia Smith was listed as an interested party on Steinberg's account, he never gave her permission to make transfers or have any authority to invest on his behalf. (*See id.*). Nonetheless, on information and belief, and in breach of the Agreement and their representations, Defendants followed the directions of Julia Smith rather than the direction of Steinberg.

**E.  Defendants Continue to Make Misrepresentations and Cover Their Tracks**

25. After Defendants made the unauthorized wire transfer to Universal Brokerage, which drained Steinberg's account of all its funds, Defendants continued to represent to Steinberg that he had an investment in Crown Forex SA. (*See e.g.* 7/13/09 email to Steinberg, Exhibit G).

26. The investment into Crown Forex, however, was never made. In December, 2008, Crown Forex SA had stopped accepting new clients and new accounts. On or about May 19, 2009, the company filed for bankruptcy protection. (*See* Exhibit F) It would have been impossible for Defendants to make the investment Steinberg directed, because of the bankruptcy proceeding.

27. Nonetheless, on July 13, 2009, Plaintiff received an email from Defendant Entrust Midwest confirming Plaintiff's account number and the $229,750.00 invested with Crown Forex SA – two months after the bankruptcy. (*See* Exhibit G).

28. On July 14, 2009, Plaintiff received a fax from Defendant Entrust Midwest regarding "Ron's acct," and again showing a $229,750 investment in Crown Forex SA. (*See* 7/14/09 Facsimile, Exhibit H).

29. After Steinberg learned of the Crown Forex bankruptcy, he contacted Entrust Midwest to ask that it sell his purported investment. On July 17, 2009, Defendant Entrust Midwest emailed Steinberg a "Sell Direction Letter" for his signature and approval. The Sell Direction Letter described the investment Steinberg was to sell as "Oxford Global Advisors/UBFX/Crown Forex." This is NOT the investment that Steinberg directed Defendants to purchase, but appears to be the investment that Defendants actually, and wrongfully, purchased. (*See* 7/17/09 email attached as Exhibit I as compared to the Buy Direction Letter attached as Exhibit B at 13).

30. On July 29, 2009, Defendant Entrust Midwest sent another email to Plaintiff with attached documentation of the purported investment with Crown Forex, SA. (*See* email of July 29, 2009 with email attachment of Steinberg's account information attached as Exhibit J). Defendant continued to fraudulently confirm to Plaintiff that he had an investment with Crown Forex.

31. Defendant Entrust Midwest violated the buy direction letter and its contract with Plaintiff by sending Plaintiff's funds of $229,750.00 to Oxford Global Advisors/UBFX.

32. Further, had Defendant Entrust Midwest followed the directives in the Buy Direction Letter, Defendant would have discovered that Crown Forex had filed for bankruptcy protection and was not accepting new investors.

33. Defendants actions are a complete and utter failure to provide the services and to secure Steinberg's assets as promised.

8

## V. CAUSES OF ACTION

### COUNT I
### Breach of Contract

34. The allegations in paragraphs 1-33 are realleged and incorporated herein.

35. Plaintiff entered into a contract with Defendants. See brokerage/investment advisory agreement attached as Exhibit B. The contract entitled Plaintiff to self-direct his IRA by issuing Buy or Sell Direction letters to Entrust. The terms of the contract required that Entrust, for a fee, would then execute the directives given by Plaintiff.

36. Steinberg complied with all his obligations under the Agreement.

37. Defendants Entrust Group and Entrust Midwest breached their contract with Steinberg by, among other things:

(a) failing to follow Steinberg's instructions;

(b) failing to secure his funds as promised;

(c) wiring the funds intended for the Crown Forex investment to Oxford Global Advisors/Universal Brokerage without Plaintiff's consent, permission or direction;

(d) failing to complete proper paperwork to effect Steinberg's direction;

(e) following the instructions or directions of someone other than Steinberg;

38. Plaintiff has been damaged by Defendants' breach of the agreement in the amount of $230,000 plus interest.

### COUNT II
### Illinois Consumer Fraud and Deceptive Practices Act
### (815 ILCS 505/1 *et seq.*)

39. The allegations in paragraphs 1-33 are realleged and incorporated herein.

40. The elements of a private cause of action under the Act are:

>    (1) a deceptive act or practice by the defendant;
>
>    (2) the defendant intended the plaintiff to rely on the deception;
>
>    (3) the deception occurred in the course of conduct involving trade or commerce; and
>
>    (4) actual damages to the plaintiff proximately caused by the deception.

41.   Defendants engaged in a deceptive act by, among other things as described above, claiming that Plaintiff could control his account by issuing a buy/sell directive to Defendants and that Defendants would follow only the instructions of Plaintiff.  Plaintiff's directive to buy Crown Forex was not followed.  Instead, Plaintiffs disbursed his funds without Plaintiffs consent or authorization

42.   Plaintiff relied on the deceptive acts depositing his funds with Defendants and directing them to purchase a specific asset, Crown Forex SA.

43.   Plaintiff has been damaged $230,000.00 by Defendants deception.

## COUNT III
### Common Law Fraud

44.   The allegations in paragraphs 1-33 are realleged and incorporated herein.

45.   Defendants made materially false statements that Plaintiff had all of his funds invested in Crown Forex, when in reality, Crown Forex had ceased accepting investors six months prior to the Plaintiff's investment.

46.   Defendants' statements were made with the intent to deceive Plaintiff because Defendant had already, fraudulently, wired Plaintiff's funds to a third party without Plaintiff's consent, authority or direction.

47. Plaintiff relied on the statements made in Defendant's online website, online account information pages. Plaintiff further relied on the statements made in email and facsimile correspondence from Defendants.

48. Plaintiff suffered damages in the amount of $230,000.00

## COUNT IV
### Negligent Misrepresentation

49. The allegations in paragraphs 1-33 are realleged and incorporated herein.

50. Defendants engaged in negligent misrepresentations as to Plaintiff by knowingly or negligently making false and misleading statements to induce Plaintiff to open a self-directed IRA account.

51. Further, Defendants negligently misrepresented through email correspondence, online account information, and facsimile that Plaintiff continues to have an investment of $229,750.00 with Crown Forex.

## COUNT V
### Breach of Fiduciary Duty

52. The allegations in paragraphs 1-33 are realleged and incorporated herein.

53. The nature of the relationship between Defendants and Steinberg created a fiduciary responsibility that Defendants breached.

54. Defendants' actions have indisputably created a fiduciary duty. Defendants did much more than just "administer" an account. Defendants gained the trust and confidence of a Plaintiff. Defendants then made the decision as to how and where to invest Steinberg's money. They usurped control over the process, thereby, creating a fiduciary relationship.

55. By acting on Steinberg's behalf, making investments and moving funds without Steinberg's consent, authority or approval, they owed Steinberg a duty of care and a duty of loyalty.

56. As a result of Defendants' breach of their fiduciary duties to Steinberg, Steinberg was damaged and has lost over $230,000.00.

WHEREFORE, Plaintiff, Ronald Steinberg, prays for judgment in his favor and against Defendants, in an amount in excess of $230,000, plus pre-judgment interest at the rate provided under the Illinois Interest Act, attorneys fees, costs, and whatever further relief this Honorable Court deems fair and just.

Dated: January 18, 2010

        Respectfully submitted,

        RONALD STEINBERG,

          /s/   James L. Kopecky
        By: One of his attorneys

James L. Kopecky
Elizabeth Neugent Dixon
Kopecky, Schumacher & Bleakley, P.C.
190 S. LaSalle Street, Ste. 850
Chicago, IL 60603
T: 312-527-3966
F: 312-268-5031
JKopecky@KSBLegal.com
EDixon@KSBLegal.com